OPINION JUDGMENT ENTRY
{¶ 1} Plaintiffs-appellants Damon L. Kuhn, et al. appeal the August 5, 2003 Entry entered by the Fairfield County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees ADD, Inc. of Ohio and ADD, Inc. ("ADD").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 14, 2000, appellant David Kuhn sustained a fractured leg as the result of a fall which occurred while he was at his place of employment, ADD. At the time of the accident, appellant was an assistant supervisor with ADD, a corporation engaged in the printing business. Appellant commenced his employed with ADD in 1993.
 {¶ 3} During the course of his work day on April 14, 2000, appellant left his work station to deliver a proof copy to the copy room. Appellant stepped over a delivery table, which was part of the press at which he was working, in order to get to the copy room. As appellant returned to his work station, he ran and jumped onto the delivery table, then slipped and fell to the ground.
 {¶ 4} The paper press is comprised of three essential parts: units, folders, and splicers. The units peform the printing; the folders fold the paper; and the splicers change rolls of paper going into the press. During operation of the press, paper is fed into the machine; it travels through the units and the folders, then drops down onto a conveyer table and is carried to the delivery table to be labeled or stacked.
 {¶ 5} On April 13, 2001, appellant and his wife, appellant Vicki Kuhn, filed a complaint in the Fairfield County Court of Common Pleas against ADD, alleging employer intentional tort, and violations of Ohio Adm. Code 4121:1-5-05(C)(3), 29 C.F.R. 1810.24, and R.C. 4101.11 and .12. On January 28, 2003, ADD filed a motion for summary judgment. Appellants filed a memorandum in opposition thereto. Via Judgment Entry filed August 5, 2003, the trial court granted summary judgment in favor of ADD and dismissed appellants' complaint.
 {¶ 6} It is from this entry appellants appeal, raising the following assignments of error:
 {¶ 7} "I. The trial court erred in applying inappropriate standards for deciding the motion for summary judgment.
 {¶ 8} "II. The trial court erred in finding that there were no genuine issues of material fact as to whether defendant committed an employer intentional tort."
 STANDARD OF REVIEW {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 10} Civ.R. 56(C) states, in pertinent part:
 {¶ 11} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 13} It is based upon this standard we review appellants' assignments of error.
 I {¶ 14} In their first assignment of error, appellants maintain the trial court erred by applying an inappropriate standard when it ruled on ADD's motion for summary judgment. Specifically, appellants contend the trial court weighed the evidence presented and made determinations on the issue of credibility, which is not the trial court's role when addressing a motion for summary judgment. We agree.
 {¶ 15} However, because our review of the trial court's decision is de novo, we find any error to be harmless. This Court will conduct an independent review of the record without weighing the evidence or judging the credibility of the witnesses.
 {¶ 16} Appellants' first assignment of error is overruled.
 II {¶ 17} In their second assignment of error, appellants submit the trial court erred in determining no genuine issues of material fact existed as to whether ADD committed an employer intentional tort.
 {¶ 18} In Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, the Ohio Supreme Court set forth a three part test to establish an employer intentional tort. First, the employee must prove the employer had knowledge of the existence of a dangerous process, procedure, instrumentality, or condition within its business operation. Id. Second, the employer must have knowledge if the employee is subjected by the employment to such dangerous process, procedure, instrumentality, or condition, then harm to the employee will be a substantial certainty. Id. Third, the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Id. The substantial certainty standard in an employer intentional tort cause of action is "a significantly higher standard than even gross negligence or wantonness." Zink v.Owens-Corning Fiberglas Corp. (1989), 65 Ohio App.3d 637. The mere knowledge and appreciation of a risk or hazard, something short of substantial certainty, is not intent.
 {¶ 19} We turn our attention to the third prong of Fyffe.
Appellants rely upon the Ohio Supreme Court's decision in Hannahv. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, for the proposition an employer's lack of effort to prohibit employees from engaging in a dangerous task is tantamount to the employer's requiring the employee to do such an act.
 {¶ 20} In Hannah, the employee was a volunteer member of the employer's emergency rescue squad who died while attempting to rescue fellow employees stranded several hundred feet in the air on the platform of a nine-hundred-foot smokestack. TheHannah Court held, according to the third element of theFyffe test, the employer did not have to expressly order the employee to engage in the dangerous task that led to his death. Id. at 487. Instead, the Court concluded, in an action alleging a workplace intentional tort, in order to overcome a motion for summary judgment, an opposing party can satisfy this requirement by presenting evidence that raises an inference that the employer, through its actions and policies, required the employee to engage in the dangerous task. Id. In Hannah, the evidence established the rescue squad was composed entirely of employee volunteers and decedent had volunteered to perform the rescue. Nevertheless, based upon testimony that the employer expected the rescue squad to respond to the emergency and to do so in a safe manner, as well as other evidence, the Supreme Court concluded that reasonable minds could differ as to whether the employer required the employee to engage in the dangerous task. Id.
 {¶ 21} The Supreme Court stated: "We are unwilling to conclude that, as a matter of law, the decedent, in attempting the rescue, did so purely as a volunteer. Obviously, DP L formed the rescue squad primarily for its own benefit, to provide on-site personnel to respond to plant emergencies. DP L paid for the squad's training and equipment, and arranged for members to train on company time. Under these circumstances, and based upon the evidence presented, we hold that questions of fact remain as to whether DP L did act to require the decedent to make the rescue attempt in question. Since sufficient evidence was presented to overcome DP L's motion for summary judgment, we find that the trial court erred in granting summary judgment for DP L." Id.
 {¶ 22} We find Hannah to be significantly factually distinguishable from the instant action. In his deposition, Damon Kuhn testified he could hand the proof copy to another employee or could have walked around the piece of equipment rather than crossing over the delivery table. The fact ADD knew its employees crossed over the delivery table and the company required its employees to work in an expeditious manner does not rise to the level of encouraging or requiring its employees to engage in a dangerous task. Accordingly, we find appellants cannot satisfy the third prong of the Fyffe test.
 {¶ 23} Appellants' second assignment of error is overruled.
 {¶ 24} The judgment of the Fairfield County Court of Common Pleas is affirmed.
Judgment affirmed.
Wise and Boggins, JJ., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellants.